LOUIS S. HANAUER, Appellant, *v.* THE CITY OF UTICA, Respondent.

*Common council minutes — their presentation to the mayor for his action thereon — when a veto is in time — a conversation with the mayor will not set the time running.*

The clerk of the common council of the city of Utica did not deliver to the mayor of that city a certified copy of the minutes of such common council passed May sixteenth, until June twenty-ninth or thirtieth, and certain resolutions in them were vetoed by the mayor July first. The city charter required the mayor, if he did not approve of a resolution, to return it with his objections within six days.

*Held*, that his veto was in time, and operated to defeat the resolutions;

That a talk of such clerk with the mayor on the subject of presenting a certificate did not operate to set the time running within which the mayor was to act.

APPEAL by the plaintiff, Louis S. Hanauer, from a judgment of the County Court of Oneida county in favor of the plaintiff, entered in the office of the clerk of the county of Oneida on the 11th day of August, 1893, upon the verdict of a jury for $64.50, rendered by direction of the court, upon an appeal by the defendant from a judgment of a justice of the peace of the town of Whitestown, Oneida county, in favor of the plaintiff.

This action was brought to recover a quarter's salary alleged to be due the plaintiff as clerk of the board of excise of the city of Utica, pursuant to certain proceedings of the common council of the city of Utica had on May 16, 1892, which were, in part, as follows:

"Ald. Hackett moved that the salaries of the commissioners be fixed at $500 each per annum. Ald. McCucken moved to strike out $500 and insert $250.

"Yeas.— Ald. Clark, Dowd, Meyer — 3.

"Nays.— Ald. Beatty, Boyce, Corcoran, Hackett, Jones, Roberts, Tessey, Welch — 8. Lost.

"Ald. Jones moved to table the matter till the report of the committee on investigation is received.

"Yeas.— Ald. Clark, Dowd, Jones, Meyer — 4.

"Nays.— Ald. Beatty, Boyce, Corcoran, Hackett, Roberts, Tessey, Welch — 7. Lost.

"Ald. Clark moved to amend by striking out $500 and inserting $400. Lost.

"Motion of Ald. Hackett adopted by the following vote:

"Yeas.— Ald. Beatty, Boyce, Corcoran, Hackett, Roberts, Tessey, Welch — 7.

"Nays.— Ald. Clark, Dowd, Jones, Meyer, the President — 5."

The charter of the city of Utica, as amended by section 17 of chapter 14 of the Laws of 1890, was as follows:

"Every ordinance or resolution of the Common Council * * * shall, before it takes effect, be presented, duly certified by the city clerk, to the mayor; if he approves of it he shall sign it, in which case it shall take effect immediately thereafter unless otherwise ordered therein. If he does not approve of it, he shall return it with his objections in writing to the city clerk's office, within six days after he has received it. * * * If such ordinance or resolution shall not be returned by the mayor within six days after he has received it, it shall take effect in like manner as if he had signed it."

*Rees E. Thomas,* for the appellant.

*Josiah Perry,* for the respondent.

HARDIN, P. J.:

Plaintiff was clerk of the board of excise of the city of Utica, and brings this action to recover for a quarter's salary, which fell due

August 1, 1892. At the close of the evidence the court refused to submit to the jury the question " as to whether or not the minutes containing the resolutions " of the common council adopted at its meeting of May 16, 1892, " were duly presented by the clerk to the mayor," as claimed by plaintiff. We think no error was committed by the court in denying the request. Confessedly, the clerk of the common council did not deliver to and leave with the mayor a certified copy of the minutes, under his seal, prior to the last days of June, twenty-ninth or thirtieth, and the minutes and resolutions therein were not approved at any time prior to those days ; nor did the resolutions of the sixteenth of May become operative because not returned by the mayor prior to July 1, 1892, with or without his objection. His objections to the resolutions favoring the salary of the excise commissioners were timely when made by him in his veto message of July 1, 1892.

Inasmuch as the clerk of the common council certified the proceedings of May 16, 1892, on the thirtieth of June, the time had not expired for the mayor to veto when his veto message was given. The talk of the clerk at a prior date with the mayor upon the subject of presenting a certificate, did not operate to set the time running in which the mayor was to act. The resolution of the 16th of May, 1892, therefore, never became operative, as after the veto it was not again passed by the common council. The attempt to pass it over the veto failed July 1, 1892, as only five votes favored it and seven votes were cast against it. At that meeting the salaries of the commissioners were fixed at $250 per annum. The clerk of the board of excise was appointed by the board of excise pursuant to chapter 401 of the Laws of 1892. The board had no power to fix his salary beyond the sum fixed by the common council for one of their number. (§ 10, Laws of 1892, chap. 401.) Inasmuch as the salary of the commissioners was fixed at $250 each per annum, that was the only compensation per annum the clerk of the board of excise was entitled to receive. The verdict gives him that amount, to wit, sixty-two dollars and twenty-five cents and interest, and it was properly directed by the County Court of Oneida county, and the judgment entered thereon, I think, should be affirmed, with costs.

MARTIN and MERWIN, JJ., concurred.

Judgment affirmed, with costs to respondent.